IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANCIS S. KELLY,  )
 )
      Plaintiff,  )
 )
  vs.  ) Civil Action No. 15-262
 )
 )
COMMISSIONER OF SOCIAL SECURITY,  )
 )
      Defendant.  )

O R D E R

AND NOW, this 20th day of June, 2016, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11), filed in the above-captioned matter on August 28, 2015,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9), filed in the above-captioned matter on July 30, 2015,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.**  **Background**

On October 5, 2011, Plaintiff Francis S. Kelly protectively filed a claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., and a claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C.

§§ 401 et seq. Specifically, Plaintiff claimed that he became disabled on September 28, 2011, due to a C1/C2 vertebrae fracture, a shattered right heel bone, a broken right rib, a fractured right orbital bone, a severe concussion, and pneumonia and a staph infection while hospitalized. (R. 112).

After being denied initially on May 23, 2012, Plaintiff sought, and obtained, a hearing on July 17, 2013, before an Administrative Law Judge ("ALJ"). (R. 30-95). In a decision dated September 17, 2013, the ALJ denied Plaintiff's request for benefits. (R. 9-28). The Appeals Council declined to review the ALJ's decision on December 30, 2014. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the

[Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence— particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate "some 'medically determinable basis for an impairment that prevents him [or her] from engaging in any substantial gainful activity for a statutory twelve-month period.'" Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer, 186 F.3d at 427 (internal citation omitted)). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a),

416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. §§ 404.1520(e), 416.920(e), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since September 28, 2011. (R. 14). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had certain severe impairments, specifically, post

4

concussive syndrome, mild; status post fractures of the calcaneus and cervical vertebrae; anxiety; and mild traumatic brain syndrome. (R. 14). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 14-15).

The ALJ next found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he is able to stand and walk for up to one hour at a time, and up to four hours each day, while needing a sit/stand option, to be exercised no more than every 30 minutes at a time; he can perform no climbing of ropes, scaffolds, ladders, steps and ramps, and no balancing, kneeling or crawling, and no more than occasional bending and stooping; he cannot work outdoors and cannot operate a motor vehicle as part of the job; he is limited to 1-2 hours of reading each work day; he has difficulty determining the shape/color of small objects on occasion; he cannot be exposed to any extremes of temperature or humidity, and must work in an environment where noise level is reduced to moderate; he must avoid all exposure to hazards; he can have only occasional contact with the public; and he cannot perform any work as part of a team. (R. 16). At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work, so she moved on to Step Five. (R. 20). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as assembler and packer. (R. 21, 87-88). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 21-22).

**IV. Legal Analysis**

Plaintiff raises several arguments as to why he believes that the ALJ erred in formulating his RFC and in finding him to be not disabled. Although the Court need not reach each of these

arguments, it does agree that remand is warranted in this case. Specifically, the Court finds that, because the ALJ failed to address properly the manipulative and postural limitations set forth in the medical opinion of neurologist John B. Talbott, M.D., the Court cannot find that the ALJ's formulation of Plaintiff's RFC is supported by substantial evidence. Accordingly, the Court will remand the case for further consideration.

RFC is defined as "'that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Fargnoli, 247 F.3d at 40 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)); see also 20 C.F.R. §§ 404.1545(a), 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705); see also SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

As noted, supra, in determining Plaintiff's RFC, the ALJ included various specific limitations resulting from Plaintiff's impairments. Plaintiff argues, however, that the ALJ failed to include—or to provide any explanation as to why she decided not to include—any limitations specifically geared toward the manipulative issues found by Dr. Talbott, a consultative examiner who became Plaintiff's treating neurologist. Additionally, Plaintiff contends that the ALJ failed

6

to provide an adequate explanation for her decision to reject certain postural limitations found by Dr. Talbott. The Court agrees generally with these arguments.

In her discussion of the opinions contained in the record, the ALJ noted that she was giving "some, but not significant, weight to the functional assessments of Dr. Talbott." (R. 19, 621-24). Dr. Talbott's assessments, which were based upon his neurological examination of Plaintiff in February, 2012, indicated that Plaintiff could never perform the activities of bending, kneeling, stooping, crouching, balancing and climbing due to his issues with balance and the potential for falling. (R. 624). Dr. Talbott further opined that Plaintiff's activities of reaching, handling, fingering, and feeling would also be affected by his impairments due to numbness in his hands and limitation in his cervical reach. (R. 624). In his narrative analysis, Dr. Talbott explained that "[w]ith repetitive use, [Plaintiff] develops numbness in his fingers," and that "[h]e does have significantly reduced range of motion of the cervical spine." (R. 621-22).

In the RFC, however, while the ALJ found that Plaintiff cannot climb, balance, kneel and crawl, she did find that he can occasionally bend and stoop. (R. 16). Also, the ALJ did not include any limitations on Plaintiff's ability to crouch, or any limitations on his ability to perform manipulative functions. Further, in her discussion of Dr. Talbott's opinion, the ALJ merely stated that "Dr. Talbott's complete preclusion regarding all postural maneuvers is simply not supported by the record," and she noted that Plaintiff had "testified that climbing causes dizziness, but he admitted that he is OK on level surfaces, and when walking at his own pace." (R. 19). The ALJ did not, however, provide further explanation as to the evidence she relied upon in the record in reaching these conclusions, nor is it clear how Plaintiff's symptoms while climbing, or his ability to walk on level surfaces at his own pace, are relevant to his ability to perform the postural maneuvers at issue. Moreover, in his discussion, the ALJ made no mention

whatsoever of the manipulative limitations contained in Dr. Talbott's opinion. While the ALJ stated generally that "Dr. Talbott's assessments are inconsistent with the totality of the evidence, and some of the opinions cited in the report are viewed as an overestimate of the severity of the claimant's functional restrictions," she provided no meaningful discussion to explain her findings, and the Court finds that her analysis is simply insufficient to permit meaningful review. (R. 19).

Thus, in this case, the RFC is not supported by substantial evidence because, in failing to address the question of Plaintiff's possible manipulative impairments, it is not clear whether the ALJ chose to reject a limitation concerning such impairments, whether the ALJ felt that the RFC fully accounted for any such limitations, or whether the omission of any manipulative limitations was merely unintentional. Likewise, without providing an explanation of the basis upon which she rejected some of the postural limitations found in Dr. Talbott's opinion, it is not clear to the Court whether the ALJ's decision in this regard was based on substantial evidence. While the ALJ was certainly not required to simply adopt all of the findings of Dr. Talbott, she was required to explain her basis for rejecting them if she chose to do so, particularly in light of the fact that she expressly gave some weight to this opinion in formulating Plaintiff's RFC. Thus, the ALJ's comments concerning Dr. Talbott's opinion evidence do not allow the Court to determine the basis for her decision to omit certain postural limitations, and all manipulative limitations, from the RFC. Remand is therefore required to allow for further discussion as to the rationale for rejecting the manipulative and postural limitations found by Dr. Talbott.

Additionally, although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the various opinions and medical evidence presented in the record, and she should verify that her conclusions concerning

Plaintiff's RFC are adequately explained, in order to eliminate the need for any future remand. Also, while the Court had no reason to reach the question of alleged inconsistencies between the VE testimony and the Dictionary of Occupational Titles ("DOT"), the ALJ should be sure to address this issue adequately on remand. Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could, in fact, be supported by the record. It is, instead, the need for further explanation that mandates the remand on this issue.

**V.      Conclusion**

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.


                                                            s/Alan N. Bloch
                                                            United States District Judge

ecf:            Counsel of record